IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROBERT PRESTON MCCORMIES, | ) Case No. **18-6003** |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PENNYMAC LOAN SERVICES, LLC, and | ) |
| MILLSAP & SINGER, P.C., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant PennyMac Loan Services, LLC ("PennyMac") and pursuant to 28 U.S.C. § 1441 files this Notice of Removal of a case filed in Clinton County, Missouri, to this Court. By removing this case, PennyMac does not waive and expressly reserves any claims and defenses available to it. In support of the Notice of Removal, PennyMac states and alleges as follows:

### Clinton County Lawsuit

1. On December 21, 2017, Plaintiff Robert Preston McCormies ("Plaintiff") commenced a lawsuit against PennyMac and against Millsap & Singer, P.C. ("Millsap") in the Circuit Court of Clinton County, Missouri, styled *McCormies v. PennyMac Loan Services, LLC et al.*, Case No. 17CN-CV00848 (the "State Court Action"). A true and correct copy of the Petition, with exhibits, filed in the State Court Action is attached hereto as Exhibit A.

2. In the State Court Action, Plaintiff alleges nine causes of action against PennyMac and Millsap including the following: (1) declaratory judgment against PennyMac; (2) wrongful foreclosure against PennyMac; (3) wrongful foreclosure against PennyMac; (4) quiet title against PennyMac; (5) breach of fiduciary duty against Millsap; (6) negligent

1

misrepresentation against Millsap; (7) violations of the Missouri Merchandising Practices Act "MMPA" against Millsap; (8) violations of the MMPA against PennyMac; and (9) violations of the MMPA against PennyMac.

3. Plaintiff's claims arise from or are related to a foreclosure sale of certain real property in Clinton County, Missouri, (the "Property") which took place on May 1, 2017 (the "Foreclosure Sale") which Millsap conducted at the request of PennyMac.

4. PennyMac was the high bidder at the Foreclosure Sale with a bid of $37,823.00. Exhibit 4 to the Petition at p. 2.

5. Plaintiff contends the signatures on the note which was secured by the Property (the "Note") are not valid signatures. Petition ¶ 15.

6. Plaintiff further contends that PennyMac does not own or have an interest in the Note, is not the holder of the Note, and has no right to enforce the Note. Petition ¶¶ 11-13.

7. Plaintiff asserts that PennyMac did not have the authority to appoint Millsap as the successor trustee under the deed of trust securing the Note (the "Deed of Trust"). Petition ¶ 34.

8. Plaintiff contends Millsap made no inquiry as to whether PennyMac was the holder of the Note or had any right to enforce the Deed of Trust and made no inquiry as to whether PennyMac had the power to invoke the power of sale provisions in the Deed of Trust. Petition ¶¶ 60-63.

9. Plaintiff further claims that the Foreclosure Sale did not comply with the Deed of Trust because (a) the holder of the Deed of Trust did not appoint Millsap; (b) the holder did not invoke the power of sale; (c) Millsap was not lawfully appointed the successor trustee; (d)

2

Case 5:18-cv-06003-GAF   Document 1   Filed 01/09/18   Page 2 of 8

Millsap had no authority to conduct the Foreclosure Sale; (e) the successor trustee's deed contains false statements; and (f) Millsap did not call the foreclosure sale. Petition ¶ 78.

I. **PENNYMAC HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

10. This Notice of Removal is timely under § 1446(b) as it is filed within thirty (30) days of filing the State Court Case.

11. Venue is proper in this Court under § 1441(a) because this is the United States District Court for the district and division embracing the county where Plaintiffs filed the State Court Case.

12. No previous application has been made for the relief requested herein.

13. Pursuant to § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court Case will be filed with the clerk of this Court within twenty (20) days after the filing of this Notice of Removal. Pursuant to § 1446(d) a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Circuit Court of Clinton County, Missouri.

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because based on the allegations of the Petition in the State Court Case, Plaintiff is a citizen of different states than PennyMac.

15. Plaintiff is a Missouri resident.

16. PennyMac is a Delaware limited liability company with its principal place of business in California. PennyMac is a wholly-owned subsidiary of Private National Mortgage Acceptance Corp. LLC ("PNMAC") which is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in California.

17. The amount in controversy requirement is satisfied because multiple counts of the Petition seek damages in excess of $75,000 and seek to quiet title to property worth in excess of $75,000.

18. This case is being removed without regard to the citizenship of Millsap because Millsap has been fraudulently joined or fraudulently misjoined in this case such that its citizenship may be disregarded for purposes of removal.

19. The Court's removal jurisdiction cannot be defeated by the "collusive or fraudulent joinder of a non-diverse defendant." Richka Enter., Inc. v. Am. Family Ins. Mutual Ins. Co., 200 F.Supp.2d 1049, 1050 (E.D. Mo. 2001) (citing Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983)).

20. When evaluating whether complete diversity exists, a court may ignore the citizenship of fraudulently joined parties. Anderson, 724 F.2d at 84.

21. "Fraudulent joinder exists if, on the face of the plaintiff's state court pleadings, no cause of action lies against the resident defendant." Id.

22. In this case, Plaintiff fraudulently joined Millsap because, based on the allegations in the State Court Case, Plaintiff asserts no valid claim or cause of action against Millsap.

23. In particular, once a trustee is requested by the creditor under the deed of trust to foreclose, the trustee may proceed upon that request "without making any affirmative investigation and without giving any special notice to the debtor." Spires v. Edgar, 513 S.W.2d 372, 379-80 (Mo. 1974). Thus, the trustee's only duty to the mortgagor / grantor under the deed of trust is simply to follow the direction of the mortgagee / beneficiary and to conduct a sale in a "prudent and business-like manner with a view to obtain as large a price as may be fairly and

4

reasonably, with due diligence and attention, be under the circumstances obtainable." Goode, 39 Mo. at 328-9.

24. In particular, the Missouri Court of Appeals has held that even where a trustee has knowledge of the facts which a debtor claims preclude institution of foreclosure proceedings, the trustee will still be permitted to institute foreclosure proceedings, especially where the debtor is in default and the holder of the deed of trust has the right to foreclose. Killion v. Bank Midwest, N.A., 987 S.W.2d 801, 813 (Mo. Ct. App. 1998).

25. The allegations against Millsap in the State Court Case reveal that Plaintiff does not have a valid, legally recognizable claim against Millsap, thus joinder of Millsap must be disregarded for purposes of removal.

26. Plaintiff does not contend that Millsap conducted the sale at an unusual time and place, or that Millsap provided insufficient notice, or that Millsap colluded with PennyMac to chill bidding or frustrate other potential bidders.

27. Plaintiff's contention is that Millsap was not properly appointed and that Millsap failed to inquire as to whether PennyMac was the holder of the Note or was entitled to invoke the power of sale provisions in the Deed of Trust.

28. Plaintiffs' contentions in this regard are completely contrary to established Missouri law and are in fact, contrary to other assertions, representations and allegations Plaintiff has made to PennyMac and to Millsap and contrary to representations Plaintiff has made in other courts.

29. Prior to the Foreclosure Sale, the borrower under the Note defaulted under the Loan Documents and PennyMac instructed Millsap to proceed with the Foreclosure Sale.

Thereafter, Millsap conducted the Foreclosure Sale in accordance with Missouri statutory provisions and Plaintiff makes no allegation to the contrary.

30. On February 6, 2017, in an effort to halt any foreclosure sale, Plaintiff filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Missouri, Case No. 17-50053 (the "Bankruptcy Case"). A true and correct copy of Plaintiff's Voluntary Petition is attached hereto as Exhibit B.

31. In the Voluntary Petition, Plaintiff stated that he was the owner of certain real property located at 412 N. Main Street, Plattsburg, Missouri. Ex. B at p. 19.

32. Plaintiff further represented in the Bankruptcy Case that the property was subject to a lien held by PennyMac in the approximate amount of $80,000. Ex. B at p. 21.

33. Plaintiff did not represent that PennyMac's lien was disputed or contingent. *Id.*

34. To the contrary, Plaintiff expressed that it was his intent to keep the Plattsburg property and reaffirm the debt to PennyMac. *Id.* at p. 39.

35. Prior to the Foreclosure Sale, PennyMac sought relief from the Automatic Stay in the Bankruptcy Case to proceed with foreclosure. A true and correct copy of PennyMac's stay relief motion in the Bankruptcy Case is attached hereto as Exhibit C.

36. In the stay relief motion, PennyMac asserted the validity and enforceability of the Note and the Deed of Trust and, specifically, that PennyMac was the holder of the secured claim represented by the Note and the Deed of Trust. Bankruptcy Case, ECF Doc. 13

37. Plaintiff failed to respond to or oppose PennyMac's stay relief motion.

38. Significantly, on multiple occasions courts within this District have concluded that the joinder of Millsap based on similar claims amounted to fraudulent joinder such that Millsap's citizenship should be disregarded for diversity purposes. See Bowen v. Bank of New

York Mellon, Case No. 13-CV-06070-BCW (ECF Doc. 45, Aug. 30, 2013); Dedrick v. Fed. Nat'l Mort. Ass'n et al., Case No. 12-1425-CV-W-SOW (ECF Doc. 40, May 7, 2013); Gulotta v. Bank of America, N.A., et al., 12-CV-01335-BCW (ECF Doc. 59, Aug. 30, 2013).

39. In short, none of Plaintiff's allegations assert a colorable, viable claim against Millsap, therefore Millsap's joinder in this case is fraudulent and the case may be removed.

### III. MILLSAP HAS CONSENTED TO REMOVAL

40. While not technically required because it was fraudulently joined, Millsap has consented to removal.

41. Counsel for PennyMac spoke to counsel for Millsap on December 29, 2017, stating PennyMac's intention to remove this case to federal court.

42. Counsel for Millsap stated that his client would consent to removal, which such consent was later confirmed in an exchange of emails. A true and correct copy of the email exchange is attached hereto as Exhibit D.

WHEREFORE Defendant PennyMac Loan Services, LLC hereby removes all claims in the State Court Case from the Circuit Court of Clinton County, Missouri, to the United States District Court for the Western District of Missouri.

Dated this 9th day of January, 2018.

                                STINSON LEONARD STREET LLP

                                /s/ Andrew W. Muller
                                Andrew W. Muller, #53861
                                1201 Walnut Street, Suite 2900
                                Kansas City, MO 64106
                                (816) 691-3198 – Telephone
                                (816) 412- 8124 – Facsimile
                                Andrew.muller@stinson.com

ATTORNEYS FOR PENNYMAC LOAN SERVICES, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served this 9th day of January, 2018, via regular United States mail, postage prepaid, upon the following:

Gregory Leyh
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, MO 64118

Charles Pullium
Millsap & Singer, LLC
612 Spirit Drive
St. Louis, MO 63005

/s/ Andrew W. Muller<br>Attorney for PennyMac Loan Services